UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AAMCO TRANSMISSIONS, LLC,

Petitioner,

v.

410 MOTORWORKS, LLC, *et al.*,

Respondents.

Civil Action No. 23-4905 (ZNQ) (RLS)

OPINION

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon an unopposed Motion for Default Judgment (the "Motion," ECF No. 14) filed by Petitioner AAMCO Transmissions, LLC ("AAMCO" or "Petitioner") against Respondents 410 Motorworks, LLC ("410 Motorworks"), Jonathan Moffa ("Moffa"), and James Shields ("Shields") (collectively, "Respondents"). In support of its Motion, AAMCO filed a brief ("Moving Br.," ECF No. 14-1), and a Declaration of Stephen C. Jarvis ("Jarvis Decl.," ECF No. 14-2). After careful consideration of AAMCO's submissions, the Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[1] For the reasons stated below, the Court will GRANT AAMCO's Motion and CONFIRM the parties' arbitration award.

**I.    FACTUAL AND PROCEDURAL BACKGROUND[2]**

AAMCO is the franchisor of various AAMCO-brand auto care centers located throughout the country. (Petition to Confirm Arbitration Award ("Petition"), ECF No. 1 ¶ 1.) In

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.
[2] For the purposes of this section, the Court accepts the factual allegations of the Petition as true. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

2018, Respondents Moffa and Shields entered into a written franchise agreement with AAMCO to operate an AAMCO center in Asbury Park, New Jersey. (*Id.* ¶¶ 1, 10; ECF No. 1-2) Pursuant to a subsequent amendment to the franchise agreement, Moffa and Shields agreed to convert their pre-existing business, Cream Ridge Transmissions ("CRT"), into a second authorized AAMCO center within six months, provided that they would close CRT as a business. (*Id.* ¶¶ 11–12; ECF No. 1-2) In 2019, Moffa and Shields, through their entity 410 Motorworks, entered into a second franchise agreement for operation of an AAMCO center in Cream Ridge, New Jersey. (*Id.* ¶ 13; ECF No. 1-3.) Moffa and Shields personally guaranteed 410 Motorworks' payment and performance obligations under the second agreement. (*Id.* ¶ 13; ECF No. 1-3.)

Respondents allegedly breached their obligations under both franchise agreements by, *inter alia*, prematurely closing the Asbury Park AAMCO center without authorization, failing to pay amounts due, and continuing to operate CRT in violation of the agreements' noncompete covenants. (*Id.* ¶ 14.) In accordance with the agreements' mandatory arbitration provisions, AAMCO filed an arbitration demand relating to Respondents' breaches on March 16, 2022. (*Id.* ¶ 15.) An evidentiary hearing was held before a duly appointed arbitrator, Hon. Thomas J. Rueter (Ret.) (the "Arbitrator"), on February 7, 2023. (*Id.* ¶ 16.) Respondents did not participate in the hearing despite having notice of it. (*Id.* ¶ 17.) On April 19, 2023, the Arbitrator entered an interim award in favor of AAMCO and against Respondents, including an award of $344,792.01 in damages, various forms of injunctive relief, and costs and expenses connected to the arbitration, including reasonable attorneys' fees, upon submission of a fee petition by AAMCO. (*Id.* ¶¶ 18–19; ECF No. 1-4.) According to AAMCO, it decided to forego a fee petition in the interest of obtaining a final arbitration award, and the Arbitrator rendered a final

award affirming the relief granted in the interim award on May 22, 2023 ("Arbitration Award").[3]
(*Id.* ¶ 20; ECF No. 1-5.)

On August 17, 2023, Petitioner filed this lawsuit asking the Court to confirm the Arbitration Award pursuant to Section 9 of the Federal Arbitration Act ("FAA"). The Summons and Petition were separately served on all Respondents. (ECF Nos. 8–10.) On November 28, 2023, the Clerk entered default against all Respondents. (*See* Docket text between ECF Nos. 13 and 14.) As of the date of this Opinion, Respondents have failed to respond to AAMCO's Petition to Confirm Arbitration Award or to otherwise appear in this action.

## II.    **LEGAL STANDARD**

"[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Teamsters Local 177 v. United Parcel Serv.*, 966 F.3d 245, 252 (3d Cir. 2020) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 178 (2d Cir. 1984)). "The FAA explicitly requires that arbitration awards be confirmed." *Id.* "What could be stronger than language that, upon application, a district court must grant a confirmation order unless the arbitration award is vacated, modified, or corrected. *Id.* (quoting 9 U.S.C. § 9) (interior quotation marks omitted). "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Id.* (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008)).

Although the Third Circuit Court of Appeals has yet to opine definitively on the issue, several district courts in this circuit have observed that default judgments are generally inappropriate in matters to confirm arbitration awards. *See Indep. Lab'y Employees' Union, Inc.*

---

[3] Although the issue of a fee petition is moot, the Court notes that each of the franchise agreements explicitly states that "[e]ach party shall be responsible for the payment of its legal expenses and the fees and expenses of arbitration except that the fee of the arbitrator shall be paid by the non-prevailing party." (ECF Nos. 1-2 and 1-3 at ¶ 26.3(d).)

*v. ExxonMobile Rsch. and Eng'g Co.*, Civ. No. 18-10835, 2019 WL 3416897, at *7 (D.N.J. July 29, 2019) (alteration in original) (citation omitted) ("Rule 55 [concerning defaults and default judgments] does not operate well in the context of a motion to confirm or vacate an arbitration award."); *Doctor's Assocs. Inc. v. Patel*, Civ. No. 13-1611, 2014 WL 4388588, at *3 (D.N.J. Sept. 5, 2014) ("Default judgments are generally inappropriate for proceedings to confirm an arbitration award." (quoting *Trs. of N.Y. City Dist. Council of Carpenters Pension Fund v. Premium Sys., Inc.*, Civ. No. 12–1749, 2012 WL 3578849, at *2 (S.D.N.Y. Aug. 20, 2012))); *Intellisystem, LLC v. McHenry*, Civ. No. 19-1359, 2019 WL 2715373, at *2 (E.D. Pa. June 6, 2019) (collecting cases that abide by the principle that "courts should treat an unanswered petition to confirm [arbitration] as an unopposed motion for summary judgment"); *but see Doctor's Assocs. Inc. v. Singh-Loodu*, Civ. No. 13-3030, 2014 WL 4988389, at *2 (D.N.J. Oct. 6, 2014) (utilizing the default judgment standard of Rule 55 to enforce and confirm an arbitration award, writing that "[c]onsidering Plaintiff's submissions and factual allegations, taken as true for purposes of the default judgment, the Court concludes that there is no evidence that the arbitrator exceeded his powers or imperfectly executed them as to meet the applicable standard"); *Local No. 1, Int'l. Union of Elevator Constructors, AFL-CIO v. Lift-Tech Elevator Serv., LLC*, Civ. No. 8-6248, 2009 WL 2174993, at *2 (D.N.J. July 21, 2009) (same); *Trucking Employees of North Jersey Welfare Fund, Inc. v. Moskowitz Motor Transp., Inc.*, Civ. No. 5-5605, 2007 WL 608436, *4 (D.N.J. Feb. 23, 2007) (same); *Wayne Gravel, Inc. v. RSI Holdings*, Civ. No. 20-374, 2022 WL 45070 (W.D. Pa. Jan. 4, 2022) (same).

Additionally, while concluding that another type of motion is inappropriate under the FAA, the Third Circuit has noted, without criticism, that the Second Circuit Court of Appeals rejected the use of motions for default judgment in the context of petitions to confirm or vacate

an arbitration award in favor of an unopposed motion for summary judgment. *CPR Management, S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 243 n.5 (3d Cir. 2021) (holding that motions for interpleader under Rule 22 are not permitted under the FAA and noting that several circuit courts of appeal have held that other Federal Rules of Civil Procedure do not apply in proceedings governed by the FAA, including the Second Circuit's rejection in *D.H. Blair & Co.* of motions for default judgment under Rule 55); *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109–110 (2d Cir. 2006). The Second Circuit reasoned that because petitions to confirm an arbitration award include a record from the underlying arbitration proceeding, courts should treat motions for default judgment as unopposed motions for summary judgment and rely on the record rather than allegations posed in the petition. *See D.H. Blair & Co., Inc.*, 462 F.3d at 109–110. This Court takes the position that the motion for default judgment should be treated as an unopposed motion for summary judgment and will do so in this matter.

## III.    **DISCUSSION**

### A.    **Subject Matter Jurisdiction and Personal Jurisdiction**

As is always the case, the Court must have subject matter jurisdiction over the claims. *TM Mktg. v. Art & Antiques Assocs., L.P.*, 803 F. Supp. 994, 997 (D.N.J. 1992). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. Respondents are all citizens of New Jersey[4] and AAMCO is a

---

[4] Moffa and Shields reside in New Jersey, and 410 Motorworks is an LLC whose sole member is Shields. (Petition ¶¶ 5–7.)

citizen of Delaware and Pennsylvania.[5] (Petition ¶¶ 4–7.)  The Court is also satisfied that it has personal jurisdiction over Respondents, as Moffa and Shields are New Jersey residents and 410 Motorworks, whose sole member is Shields, entered into the second franchise agreement for operation of an AAMCO center in New Jersey.

### B.    Sufficient Proof of Service

In addition to having subject matter jurisdiction over the claims and personal jurisdiction over the defendant, the Court must also consider whether process was properly served on Respondents.  Rule 4(e)(1) provides, in relevant part, that "an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  New Jersey law allows for service by the same means as contemplated under the federal rules, *see* N.J. Ct. R. 4:4-4; Fed. R. Civ. P. 4, or by alternative means "when personal service within the state cannot be effected."  *Argonaut-Midwest Ins. Co. v. Colt Logistics Inc.*, Civ. No. 18-11783, 2018 WL 6716104, at *2 (D.N.J. Dec. 20, 2018) (citing N.J. Ct. R. 4:4-4(b), 4:4-5).  Here, all Respondents were properly served.  Specifically, 410 Motorworks was served on September 15, 2023 in North Marlton, New Jersey, (ECF No. 8); Shields was served on September 18, 2023 in Kendall Park, New Jersey, (ECF No. 9); and Moffa was personally served on October 26, 2023 in Port Hope, Michigan,[6] (ECF No. 10.)  The Court therefore finds that service on Respondents was proper.

---

[5] The sole member of AAMCO, an LLC, is ICAHN Automotive Service Partners LLC ("IASP"), whose sole member is American Driveline Systems, Inc. ("ADS"); ADS is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania. (*Id.* ¶ 4.)

[6] Michigan law allows for service of any (resident or nonresident) individual by delivering the summons and a copy of the complaint, or in this case, petition, to the defendant personally, which is what happened here.  Mich. Ct. R. 2.105(A)(1); (*see* ECF No. 10.)

## C.    Whether Judgment is Proper

Given that this Court will treat this motion for default judgment in the arbitration context as an unopposed motion for summary judgment, the Court will rely on the record rather than allegations posed in the Petition.   Section 26 of both franchise agreements mandate that all disputes be settled by arbitration.   (Franchise Agreements § 26.)   Pursuant to 9 U.S.C. § 2, a written arbitration provision in a contract—as was the case here—"shall be valid, irrevocable, and enforceable."   Thus, given that the parties signed the franchise agreements, the arbitration provisions in Section 26 of both franchise agreements are enforceable.

### 1.    Confirmation of Arbitrator's Decision

Turning next to the Arbitrator's decision, the Court concludes that the decision is supported by the evidence in the record and the law.   Moreover, the Arbitrator's written opinion reflects thorough consideration of the evidence presented.   (*See* ECF Nos. 1-4, 1-5.)   The dispute between the parties here centers on whether Respondents breached the two franchise agreements, which is an issue of Pennsylvania contract law.   First, after summarizing the undisputed and unopposed facts, the Arbitrator concluded, as the Court does today, that Respondents had sufficient service of process and "actual notice of the Hearing." (ECF No. 1-4.)

Additionally, as the Arbitrator correctly summarized, the facts in this case are undisputed: Moffa and Shields entered into two franchise agreements that they breached by (1) not ceasing operations of their competitive business, (2) prematurely closing the Asbury Park AAMCO Center, (3) failing to pay AAMCO franchise fees, (4) failing to pay AAMCO the pass-through charges, (5) failing to make payments to AAMCO as required by the promissory notes, and (6) failing to make payment to the Greater New York AAMCO Dealers Advertising Company ("GYNADA"). (*Id.*)

In addressing the breach of contract claims, the Arbitrator correctly applied Pennsylvania law given the choice of law provisions in the franchise agreements. (*Id.*; ECF No. 1-2.) The Arbitrator concluded that "AAMCO has satisfied its burden of establishing all three of the elements [of a breach of contract claim] with respect to both franchise agreements." (*Id.*) The facts demonstrate, according to the Arbitrator, that Moffa and Shields both signed the Guarantee and Promissory Notes, and the franchise agreements, thereby agreeing to be bound by the franchise agreements; they then breached the agreements given their actions mentioned above; and then AAMCO suffered damages as a result. (*Id.*) The Court adopts these facts given that they are unopposed and supported by the record. The Arbitrator's decision, given its thorough analysis, correct summary of the law, and undisputed factual background, is clearly supported by the evidence in the record. As such, the Court will confirm the Arbitrator's decision.

## 2.    Confirmation of Arbitrator's Award

The Arbitrator's award consists of (1) past due amounts that Moffa and Shields owe to AAMCO, which total $44,107.01; (2) amounts due by Moffa and Shields to GNYADA, totaling $52,048.16; (3) future amounts that AAMCO is entitled to because of the premature termination of the franchise agreements, totaling $248,636.84; and (4) costs and expenses, including attorneys' fees, that need to be paid to AAMCO. (*Id.*) The final award by the Arbitrator orders Respondents to pay $344,792.01, including other injunctive relief awarded in the Interim Award. (ECF No. 1-5.)

Regarding these precise amounts of fees and costs, the Court is satisfied with the Arbitrator's finding that the fees are reasonable. The Arbitrator correctly based his decision on Pennsylvania damages law, specifically the expectation damages that resulted from Respondents' breach of the franchise agreements. Given that the damages are for a sum certain,

the decision by the Arbitrator was reasonable. Notably, Respondents have failed to challenge or address the amount of damages stated in the Arbitration Award, which the Court concludes are unopposed assertions of fact. *See* Fed. R. Civ. P. 56(e). Given that the attorney for AAMCO submitted a declaration which provides a true and correct copy of the Arbitrator's decision, the Court finds no reason to disturb the Arbitrator's findings with respect to these damages.

In sum, as discussed *infra*, the Court must confirm the Arbitration Award pursuant to the FAA, as it has been duly entered and not subsequently modified, corrected, or vacated. 9 U.S.C. § 9. Therefore, given that Petitioner satisfies all of the necessary requirements, the Court will enter summary judgment for Petitioner and will confirm the Final Arbitration Award. *See Teamsters Local 177*, 966 F.3d at 248.

## IV.    **CONCLUSION**

For the reasons stated above, the Motion for Summary Judgment will be GRANTED and the Arbitration Award will be CONFIRMED. Judgment will be entered in favor of Petitioner and against Respondents consistent with the Arbitration Award. An appropriate Order will follow.

**Dated: September 26, 2024**

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE